IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| David Leon Reeder, | ) | |
| | ) | C/A No. 6:18-416-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| PFC R.W. Vanpelt, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff David Leon Reeder ("Reeder"), a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendant PFC R.W. Vanpelt's motion for summary judgment (ECF No. 29).[1] (ECF No. 40). Reeder timely filed objections to the Report (ECF No. 44).[2] Defendant filed a reply to Reeder's objections. (ECF No. 46).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that

---

[1]It appears that the Defendant's name may be misspelled, and should be spelled Van Pelt. (Report at 2 n.3).

[2]Because there was not a docket entry from the Clerk stating that the Report had been mailed to Reeder, out of an abundance of caution, the court re-mailed the Report to Reeder. This reset the time to file objections and, therefore, the court considers Reeder to have timely filed his objections.

case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his complaint, Reeder alleges on December 23, 2017, during a traffic stop, Defendant asked the driver of the car and Reeder, who was a passenger, to step out of the vehicle and conducted a pat down search. (ECF No. 1 at 3). During the search of the car, officers found drugs and Defendant searched Reeder and the driver one more time. *Id.* at 3-4. Reeder alleges that the driver stated the drugs were his and the officers stated Reeder would be free to leave after he was searched one more time. *Id.* at 4. After Defendant patted Reeder down a third time, he pointed to the ground at a clear baggy, which had apparently fallen out of Reeder's pants. *Id.* Reeder alleges that the third search was improper and invasive because Defendant "stuck his hand on and around under my private parts my penis and testicles . . . ." *Id.* He contends that he was traumatized by the search and suffers mental anguish because he keeps thinking about Defendant "putting his hand all over [his] private parts with enjoyment." *Id.* Reeder alleges claims of harassment, sexual misconduct, lewd acts, false arrest, planting evidence, and illegal search and seizure. *Id.* at 2.

As noted above, Defendant filed a motion for summary judgment based on qualified immunity. (ECF No. 29). In her Report, the magistrate judge recommends that Defendant's summary judgment motion be granted. The magistrate judge determined that Defendant had probable cause to arrest Reeder and, therefore, the search of Plaintiff's person was authorized as a search incident to an arrest citing *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980). (Report at 14). Additionally, applying *Bell v. Wolfish*, 441 U.S. 520 (1979), the magistrate judge determined that the search was not unreasonably sexually invasive and, thus, did not violate Reeder's constitutional rights. *Id.* at 15-16.[3] The magistrate judge also noted that, in light of

---

[3]In *Bell*, the Supreme Court developed "a flexible test" to determine the reasonableness of a broad range of "sexually invasive searches." *Bell*, 441 U.S. at 520.

Reeder's guilty plea to the possession charge, any claim that Defendant planted the drugs would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding a state prisoner's claim for damages is not cognizable under § 1983 when success in the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner demonstrates that the conviction or sentence has already been invalidated). (Report at 16 n.8).

In his objections, Reeder states that he cannot go to the law library "to get proper information about [his] case," he wants to see the video from Defendant, and he requests a continuance until he is released on November 1, 2019. (ECF No. 44). He also contends that he did not "own up to that dope that night because it wasn't [his], and those police down there are so crooked . . . ." *Id.*

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies, a court must determine "'whether the plaintiff has alleged the deprivation of an actual constitutional right at all[ ] and . . . whether that right was clearly established at the time of the alleged violation.' " *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Conn v. Gabbert*, 526 U.S. 286, 290 (1999)).

If a court determines that the plaintiff has not alleged the deprivation of an actual constitutional right or the right was not clearly established at the time of the alleged violation, it need not consider the other prong of the qualified immunity analysis. *See Torchinsky v. Siwinski*, 942 F.2d 257, 260 (4th Cir. 1991). The Fourth Circuit has held that officers are immune from § 1983 claims, when a pat-down search involved touching and patting detainees "on top of their clothing, in certain sensitive areas." *See Taft v. Vines*, 83 F.3d 681, 684 (4th Cir. 1996) (en banc ) (holding pat-down on top of clothing, "in certain sensitive areas" not unconstitutional and affirming grant of qualified immunity to officers accused of touching

detainee's "breasts and buttocks" and "between [her] legs in [her] private parts"). As the magistrate judge determined, Reeder's allegations regarding the search being sexually invasive fail to demonstrate Defendant violated Reeder's constitutional rights, and Reeder has not objected to this finding. Therefore, Defendant is entitled to qualified immunity. Additionally, as the magistrate judge noted, Plaintiff's claims for false arrest and that he was essentially framed are barred by *Heck*, 512 U.S. at 486-87 (holding that for a plaintiff to recover damages on the basis of an allegedly unconstitutional conviction or imprisonment, the plaintiff must first have the conviction or sentence "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

Based on the foregoing, the court adopts the Report (ECF No. 40). Therefore, Defendant's Motion for Summary Judgement (ECF No. 29) is **GRANTED**.

**IT IS SO ORDERED.**


s/Timothy M. Cain
United States District Judge

December 3, 2018
Anderson, South Carolina


.